UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| LESLIE AND GARY KILLIAN, | ) |
| | ) |
| *Plaintiffs*, | ) Civil Action No. 5:23-cv-141-BJB |
| v. | ) |
| MIDEA GROUP CO., LTD., *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANT ACON INVESTMENTS, L.L.C.'S  NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1332, Defendant ACON Investments, L.L.C ("ACON") hereby files this notice of removal of the above-captioned action pending in Graves County Circuit Court.  In support of this Notice of Removal, Defendant ACON states as follows:

1. On September 21, 2023, Plaintiffs Leslie and Gary Killian ("Plaintiffs") filed a civil action in Graves County Circuit Court styled *Leslie Killian and Gary Killian v. Midea Group Co., LTD., et al.,* Case No. 23-CI-00272.

2. In their Complaint, Plaintiffs seek, *inter alia*, damages for property loss, medical expenses, lost earning potential, physical and emotional injury, loss of enjoyment of life, and punitive damages.  *See* Ex. A, Summons, Complaint & Service.  Although not specified with a specific damages figure, these alleged damages clearly exceed $75,000, exclusive of attorneys' fees, interest, and costs.

3. This Notice of Removal is filed subject to and with full reservation of rights by ACON, including but not limited to defenses and objections to venue, improper service of process, personal jurisdiction, and any others that defendant ACON might pursue.

4. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

5. This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

6. ACON was served with a summons and the Complaint on September 26, 2023. *See* Ex. A, Summons, Complaint & Service.

## DIVERSITY JURISDICTION

7. This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332 because (1) on the face of Plaintiffs' Complaint, it is clear that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, (2) putative defendant Mayfield True Value is a non-jural entity incapable of being sued and defendant True Value Company, L.L.C. d/b/a "True Value Company," as further explained below, has been fraudulently joined in order to defeat the jurisdiction of this Court, and (3) there is complete diversity of citizenship between the Plaintiffs and the true defendants.

## AMOUNT IN CONTROVERSY

8. Plaintiffs assert in their Complaint four separate causes of action: (1) negligence; (2) product liability; (3) breach of express warranty; and (4) breach of implied warranty. Plaintiffs' claims arise out of allegations that an air conditioning unit allegedly manufactured by defendants Midea Group Co., Ltd., GD Midea Air Conditioning Equipment Co., Ltd., and Midea America Corp was allegedly defective and caused Plaintiffs' home to catch fire.

The Complaint alleges that Plaintiff Leslie Killian suffered burn injuries and that Plaintiffs' home and contents were destroyed.

9. Plaintiffs seek to recover damages for loss of property, medical expenses, lost earning potential, physical and emotional injury, loss of enjoyment of life, and punitive damages.

10. The Complaint does not request a specific sum of damages, but the Kentucky Rules of Civil Procedure prohibit Plaintiffs from stating a specific amount they seek to recover in their Complaint. *See* Ky. R. Civ. P. 8.01(2).

11. Federal law provides that "removal of [an] action is proper on the basis of an amount in controversy" asserted in a defendant's notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the $75,000 threshold for diversity jurisdiction. 28 U.S.C. § 1446(c)(2)(B).

12. Punitive damages "must be considered" in determining whether the amount in controversy requirement has been satisfied, "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted).

13. Given the nature and extent of Plaintiffs' alleged injuries and damages, coupled with Plaintiffs' request for punitive damages, it is "more likely than not that the [Plaintiffs'] claims meet the amount in controversy requirement" by exceeding $75,000, exclusive of interest and costs. *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)).

## DIVERSITY OF CITIZENSHIP

14. This Court has diversity jurisdiction over this matter because the citizenship of the Plaintiffs and defendants Midea Group Co., Ltd., GD Midea Air Conditioning Equipment Co., Ltd., Midea America Corp. (the "Midea Defendants"), ACON, and Shelbyville Lumber Company, Inc. ("Shelbyville") are entirely diverse, while putative defendant "Mayfield True Value" is a non-jural entity improperly named as a party and True Value Company, L.L.C. and "True Value Company" are fraudulently joined.  28 U.S.C. § 1332.

15. Upon information and belief and based on allegations in Plaintiffs' Complaint, Plaintiffs are, and were at the time of the commencement of this action, citizens of the Commonwealth of Kentucky.

16. Defendants Midea Group Co., Ltd., and GD Midea Air Conditioning Equipment Co., Ltd. are, and were at the time of commencement of this action for removal purposes, foreign entities existing under the laws of, and with their principal place of business located in, The People's Republic of China.

17. Defendant Midea America Corp. is, and was at the time of commencement of this action for removal purposes, a corporation incorporated in the State of Florida and its principal place of business is located in Parsippany, New Jersey.  It is therefore a citizen of the State of New Jersey and the State of Florida for diversity purposes.

18. Defendant ACON is, and was at the time of commencement of this action for removal purposes, a limited liability company organized under the laws of the State of Delaware with its place of business in Washington D.C., and all of whose members are individuals who are citizens of Maryland.

19. Defendant Shelbyville is, and was at the time of commencement of this action for removal purposes, a citizen of the State of Tennessee because it is incorporated in Tennessee and has its principal place of business within that state.

### MAYFIELD TRUE VALUE IS NOT AN ENTITY THAT CAN BE SUED

20. Putative defendant "Mayfield True Value" is not a properly named party because it is not an entity that can be sued. Rather, it is a retail store owned by defendant Shelbyville, a citizen of the state of Tennessee. *See* Compl. at ¶¶ 16; 18. Indeed, Plaintiffs' Complaint acknowledges that defendant Shelbyville owns the "Mayfield True Value" retail location and operates it. Compl. at ¶ 19.

21. "Mayfield True Value" is not a registered business entity listed in the Kentucky Secretary of State's records. *See* Ex. B, Declaration of Michael S. Matusek.

22. Under Kentucky law, a party that has no "legal existence" cannot be sued. *See* Ky. R. Civ. P. 9.01 ("When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment"). As the Kentucky Court of Appeals long ago held: "It is difficult to conceive the ground upon which [the county government, doing business as the county courthouse] might be considered as a legal entity and thus be suable. 'Legal entity' means legal existence. The abilities to sue and be sued and to be made amenable to legal process are characteristics of a legal entity." *Moores v. Fayette County,* 418 S.W.2d 412, 413 (Ky. 1967).

23. It is well settled that a defendant company—such as defendant Shelbyville—is not a citizen of a state merely because it has a physical presence there or otherwise conducts business in that state. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-95 (2010) (a corporation has only one principal place of business). For purposes of removal, therefore, Shelbyville is not a

citizen of Kentucky merely because it owns and operates the Mayfield True Value store located in Kentucky. *See*, *e.g.*, *Premiertox 2.0, Inc. v. Coventry Health & Life Ins. Co.*, No. 115CV00127GNSHBB, 2016 WL 1421002, at *2 (W.D. Ky. Apr. 8, 2016) (complete diversity existed where one of the named defendants was "simply an assumed name under which [the defendant] conducts a portion of its business"); *see also Cruz v. Walgreens Store #5522*, No. CV 20-3338-KSM, 2020 WL 4431469, at *3 (E.D. Pa. July 31, 2020) (total diversity existed even though "Walgreens Store #5522" was named as a non-diverse defendant and was therefore not required to join in or consent to the removal of a case).

24. In sum, because putative defendant "Mayfield True Value" is not a legal entity and thus not properly named as a party, its "citizenship" must be disregarded for purposes of determining whether diversity jurisdiction exists.

**TRUE VALUE COMPANY, L.L.C./TRUE VALUE COMPANY HAS BEEN FRAUDULENTLY JOINED**

25. Defendant True Value Company, L.L.C. ("True Value L.L.C.") is, and was at the time of the commencement of this action, a Delaware limited liability company with its principal place of business in Illinois. And although the Complaint identifies "True Value Company" as a separate defendant, in fact, "True Value Company" is merely the trade name of True Value L.L.C. and is not a separate legal entity capable of being sued. *See* Ex. C, Declaration of John Hammerle

26. True Value L.L.C. is owned by a limited liability company, which is in turn owned by another limited liability company, and so forth. The determination of the ultimate citizenship of True Value L.L.C. for diversity purposes implicates a complex and unverifiable chain of ownership involving hundreds of investor entities. *See* Ex. C, Declaration of John Hammerle.

27. It is not necessary, however, to untangle this ownership knot. The citizenship of True Value L.L.C. must be disregarded for purposes of diversity jurisdiction because it has been fraudulently joined in order to defeat this Court's jurisdiction under 28 U.S.C. § 1332. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.,* 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)).

28. A careful review of the Complaint reveals it to be devoid of allegations supporting liability against True Value L.L.C. It is not an owner of any of the Midea Defendants— the alleged manufacturers of the air conditioner Plaintiffs claim to have purchased—nor is it the owner of Shelbyville, which owns the "Mayfield True Value" retail location at which Plaintiffs claim to have purchased the product.

29. Instead, True Value L.L.C. is merely a wholesaler to independently owned and operated "True Value"-branded retail stores, whose owners pay a fee to license the "True Value" brand. Similarly, True Value L.L.C. licenses the "HomePointe" brand to manufacturers, such as the Midea Defendants. True Value L.L.C. is not involved in the design, manufacture, testing, or sale of HomePointe air conditioners to consumers, nor does it own any entities that do. *See* Ex. C, Declaration of John Hammerle. In fact, the Complaint acknowledges as much by asserting that "HomePointe air conditioners are designed, manufactured, tested, ***and distributed by [the Midea Defendants].***" Compl. at ¶ 11 (emphasis supplied).

30. The Complaint fails to plead any ***specific*** facts alleging that the HomePointe air conditioner Plaintiffs purchased was in fact distributed by True Value L.L.C. to the Mayfield True Value retail store. Instead, the Complaint merely alleges in conclusory fashion—and in direct contradiction to its assertion in Paragraph 11 that the Midea Defendants are the distributors of

HomePointe air conditioners—that True Value L.L.C. and ACON distributed the HomePointe air conditioning unit Plaintiffs purchased. *See* Compl. at ¶ 25. But conclusory factual allegations contradicted by other factual allegations in a complaint are properly disregarded by the court. *See, e.g.*, *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citations omitted).

31. Another federal district court considering similar allegations held that an in-state distributor defendant did not defeat diversity because there were no facts supporting the conclusion that the defendant in fact distributed the particular products the plaintiffs purchased. *See In re Taxotere (Docetaxel) Product Liability Litigation*, No. 19-CV-1164, 2020 WL 598043, at *1 (E.D. La. Feb. 7, 2020) ("Plaintiffs do not allege, however, that McKesson is the sole packager or distributor of the drug. Therefore, it does not follow that the named manufacturers must have received from McKesson the actual doses of Taxotere that Plaintiffs were administered."). Similarly, here, where the Complaint alleges multiple distributors of the product at issue, *see* Compl. ¶¶ 11, 25, "it does not follow that" True Value L.L.C. must have distributed the air conditioner Plaintiffs allegedly purchased at the Mayfield True Value retail store. *Id*.

32. Additionally, Plaintiffs' warranty claims are not colorable on the face of the Complaint against True Value L.L.C. for another, independent reason. Even if the Complaint's erroneous allegation that the HomePointe customer support center is "actually operated by Midea acting as the authorized agent for [True Value L.L.C.]" were true—and it is not, *see* Ex. C—Plaintiffs still would have no colorable warranty claims against True Value L.L.C. because Plaintiffs lack privity with True Value L.L.C. *See Bridgefield Casualty Ins. Co., Inc. v. Yamaha*, 385 S.W.3d 430, 434 (Ky. App. 2012) ("In order for a plaintiff to succeed on a claim of breach of

an express or implied warranty, he must establish that he had a buyer-seller relationship with the party against whom the breach is alleged."); *Munn v. Pfizer Hosp. Prods. Grp., Inc.,* 750 F.Supp. 244, 248 (W.D.Ky.1990) (As a rule, privity of contract does not extend beyond the buyer-seller setting). The Complaint clearly alleges that Plaintiffs purchased the allegedly defective unit at defendant Shelbyville's "Mayfield True Value" retail location. *See* Compl. at ¶ 22. There being no privity between Plaintiffs and True Value L.L.C., Plaintiffs have no possible recovery from True Value L.L.C. on their breach of warranty claims.

33. In sum, there is no reasonable basis to conclude that state law could impose liability on True Value L.L.C. under the facts alleged in Plaintiffs' Complaint. *See Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994) (the relevant inquiry is whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved) (quotations and citation omitted). Consequently, True Value L.L.C. has been fraudulently joined as a defendant in this action such that its citizenship should be disregarded for purposes of determining whether complete diversity exists. And although the Complaint identifies "True Value Company" as a separate defendant, in fact, "True Value Company" is merely the trade name of True Value L.L.C. and is not a separate legal entity capable of being sued. *See* Ex. C, Declaration of John Hammerle. It thus has no "citizenship" for diversity purposes.

## CONCLUSION

34. For the reasons set forth above, complete diversity exists between Plaintiffs and all properly named defendants because "Mayfield True Value" is a non-jural entity that cannot be sued and True Value L.L.C. d/b/a "True Value Company" has been fraudulently joined. This matter therefore is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C.S. § 1332 and which is removable to this Court pursuant to 28 U.S.C. § 1441.

35. Removal of this action is, further, proper under 28 U.S.C. § 1446 because:

    a. this Notice of Removal is being filed within thirty (30) days of defendant ACON's receipt of the Complaint through service;[1]

    b. this Notice of Removal is being filed within one (1) year of September 21, 2023, the date of commencement of the action for removal purposes;

    c. Defendant ACON has not previously sought similar relief; and

    d. a copy of all process, pleadings, and orders served upon defendant ACON is attached as Exhibit A;

    e. Undersigned counsel certified that all defendants who have been properly joined and served have provided their consent to removal of this action to this Court;[2] and

    f. Venue is proper in this judicial District.

36. Defendant ACON reserves the right to amend or supplement this Notice of Removal.

---

[1] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins when the defendant is served, either with the complaint, or—if the complaint is already filed—with the summons); *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir. 2003) (citing *Murphy Bros.*).

[2] *See Harper v. AutoAlliance International, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004) (holding that only one attorney of record must sign the notice of removal so long as that attorney certifies that the remaining defendants have consented).

Dated: October 23, 2023

                                                Respectfully submitted,

                                                */s/ Thomas R. Yocum*
                                                Thomas R. Yocum (#79431)
                                                Julie A. Neuroth (#88509)
                                                Yocum & Neuroth, L.L.C.
                                                1 Levee Way, Suite 3109
                                                Newport, Kentucky 41071
                                                tom@ynlawusa.com
                                                julie@ynlawusa.com

                                                *Attorneys for Defendant,*
                                                *ACON Investments, L.L.C.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Notice of Removal has been filed electronically and served upon counsel for all parties via the court's electronic online filing system or regular mail this 23rd day of October, 2023.

| | |
|---|---|
| Douglas H. Morris<br>Lea A. Player<br>Robyn Bell Stanton<br>**Morris & Player PLLC**<br>1211 Herr Lane, Ste 205<br>Louisville, Kentucky 40222<br>dhm@morrisplayer.com<br>lap@morrisplayer.com<br>rbs@morrisplayer.com<br>*Counsel for Plaintiffs* | Jonathan P. Saxton<br>Jessica L. Worth<br>**Rendings, Fry, Kiely & Dennis, LLP**<br>600 Vine Street, Suite 2650<br>Cincinnati, Ohio 45202<br>JSaxton@rendigs.com<br>JWorth@rendings.com<br>*Attorneys For Defendant,*<br>*Shelbyville Lumber Company, Inc.and*<br>*Mayfield True Value* |
| Barry M. Miller<br>J. Austin Anderson<br>**Freeman Mathis & Gary, LLP**<br>2525 Harrodsburg Road, Suite 500<br>Lexington, Kentucky 40504<br>bmiller@fmglaw.com<br>aanderson@fmglaw.com<br>*Counsel for Defendant,*<br>*Midea America Corp and Defendant,*<br>*True Value Company, LLC* | Midea Group Co., Ltd.<br>Block B, Midea Headquarters Building<br>No. 6 Midea Avenue<br>Beijiao Town, Shunde District<br>Foshan City, Guangdong Province, 528311<br>CHINA<br><br>GD Midea Air Conditioning Equipment Co., Ltd.<br>Block B, Midea Headquarters Building<br>No. 6 Midea Avenue<br>Beijiao Town, Shunde District<br>Foshan City, Guangdong Province, 528311<br>CHINA |

      */s/ Thomas R. Yocum*
      Thomas R. Yocum (#79431)