UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

|  |  |
|---|---|
| LESLIE AND GARY KILLIAN, | Civil Action No. 5:23-cv-00141-BJB |
| *Plaintiffs*, |  |
| v. | Judge: Benjamin Beaton |
| MIDEA GROUP CO., LTD., *et al.*, |  |
| *Defendants*. |  |

### DEFENDANT ACON INVESTMENTS, L.L.C.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

As detailed below, Plaintiffs' fraudulent joinder of True Value Company, L.L.C. d/b/a True Value Company and Mayfield True Value does not defeat this Court's diversity jurisdiction. Neither is a proper party to this case. Plaintiffs' Motion to Remand ("Motion") should be denied.

### INTRODUCTION

On October 23, 2023, ACON Investments, L.L.C.—joined by all other defendants—filed a Notice of Removal to this Court ("Removal Notice"). ECF No. 1. The Removal Notice detailed why each of the defendants that potentially destroy this Court's diversity jurisdiction have been fraudulently joined. Putative defendant "Mayfield True Value"—the store at which Plaintiffs purchased their allegedly defective air conditioner—is not even a legal entity and thus plainly cannot be sued. *See id.* at ¶¶ 20-24. Rather, it is a retail store owned and operated by defendant Shelbyville Lumber Company, Inc. *See id.* Notably, Plaintiffs do not contest this point in their Motion.

Nor is "True Value Company" a proper party. It, too, is not a legal entity; it is the d/b/a trade name of defendant True Value Company, L.L.C. *See* Removal Notice [ECF No. 1] at ¶ 25. Again, Plaintiffs do not contest this point.

That leaves only True Value Company, L.L.C. ("True Value, L.L.C.") as potentially destroying diversity.[1] True Value L.L.C. is a Delaware limited liability company with its principal place of business in Illinois. True Value L.L.C. is owned by a limited liability company, which is in turn owned by another limited liability company, and so forth. Because of the complex chain of ownership by hundreds of investment vehicles, the ultimate citizenship of True Value L.L.C. cannot be verified. *See* Declaration of John Hammerle at ¶ 4, Exhibit C to Removal Notice [ECF No. 1-3].

True Value L.L.C.'s citizenship, however, must be disregarded because it has been fraudulently joined. Plaintiffs' allegations fail to state colorable claims against True Value L.L.C. for two reasons. First, Plaintiffs' breach of express and implied warranty claims against True Value L.L.C. fail *ab initio* because there is no contractual privity between Plaintiffs and True Value L.L.C.—a prerequisite for warranty claims under well-settled Kentucky law.

Second, there is no reasonable basis to predict that Plaintiffs can recover in tort against True Value L.L.C. under the facts set forth in the Complaint, as supplemented by the facts contained in the Motion papers and the filings to date. By Plaintiffs' own account, their tort claims are based on the actions of defendants other than True Value L.L.C. Contrary to what the Motion contends, that is insufficient to establish a colorable claim against True Value L.L.C.

---

[1] Plaintiffs are Kentucky citizens. *See* Motion at 1. None of the remaining Defendants is a citizen of Kentucky. *See* Removal Notice at ¶¶ 16-19.

In sum, the Complaint and Motion fail to provide a reasonable basis to conclude that True Value L.L.C. may be held liable in this action. True Value L.L.C.'s citizenship therefore should be disregarded and Plaintiffs' Motion to Remand denied.

## ARGUMENT

Where, as here, fraudulent joinder of a defendant is alleged, the jurisdictional inquiry is based on a reasonableness standard. *See Anderson v. Merck & Co.,* 417 F. Supp. 2d 842, 846, 849 (E.D. Ky. 2006) (denying remand and holding "there is no reasonable basis for predicting that Kentucky law might impose liability upon the [fraudulently joined defendants]"). Application of this standard makes clear that True Value L.L.C. was fraudulently joined such that its citizenship does not defeat this Court's diversity jurisdiction over this action.

Importantly, on a motion to remand, the court may pierce the pleadings and consider summary-judgment-type evidence to determine if there are undisputed facts that would negate Plaintiffs' claims. *Walker v. Philip Morris USA, Inc.*, 443 F.App'x 946, 956 (6th Cir. 2011) ("[S]ome piercing of the pleadings and factual presentation must be permitted if the court is to be informed of undisputed facts that undermine the well-pleaded claim that is otherwise colorable on its face."); *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (affirming district court's decision to deny motion to remand where non-diverse defendant presented undisputed evidence that the defendant was not involved in the plaintiff's claim).

I.   **PLAINTIFFS HAVE NO COLORABLE WARRANTY CLAIMS AGAINST TRUE VALUE L.L.C. BECAUSE THERE IS NO CONTRACTUAL PRIVITY OR DIRECT BUYER-SELLER RELATIONSHIP**

According to Plaintiffs, KRS 411.340 "specifically states a wholesaler, distributor, retailer, can be liable for a breach of an express or implied warranty if it knew or should have known at the time of distribution or sale of such product that the product was in a defective condition,

unreasonably dangerous to the user or consumer." Mot. at 9.  But the Motion fails to acknowledge that, for a distributor to be liable on a warranty claim, "Kentucky requires privity of contract or a direct buyer-seller relationship for breach of warranty claims." *Taylor v. Southwire Tools & Equip.*, 130 F. Supp. 3d 1017, 1021 (E.D. Ky. 2015); *Compex Int'l Co., Ltd. v. Taylor*, 209 S.W.3d 462, 464 (Ky. 2006) ("Privity remains a prerequisite for products liability claims based on warranty.") (internal quotations and citation omitted).

Despite the Removal Notice emphasizing the absence of the required privity between Plaintiffs and True Value L.L.C., *see* ECF No. 1 at ¶¶ 20-24, Plaintiffs' Motion fails to provide any facts showing contractual privity or a direct buyer-seller relationship with True Value L.L.C. *See Compex Int'l Co.,* 209 S.W.3d at 465 ("[A] seller's warranty protections are only afforded to his buyer.").  In fact, Plaintiffs' Motion papers establish the opposite: that no direct buyer-seller relationship exists here.  According to Plaintiffs, they purchased the allegedly defective A/C unit "from the Mayfield True Value hardware store in Mayfield, KY."  Motion at 2; *see also* Killian Decl. [ECF No. 9-2] at ¶ 2.  As noted, the "Mayfield True Value" is a retail store owned and operated by defendant Shelbyville Lumber Company, Inc., not True Value L.L.C.  *See* Removal Notice [ECF No. 1] at ¶¶ 20-24.  True Value L.L.C. has no ownership in Shelbyville Lumber Company, Inc.  *See* Hammerle Decl. [ECF No. 1-3] at ¶ 7.

Plaintiffs' Motion cites Paragraphs 42 and 43 of the Complaint in arguing that a colorable warranty claim exists against True Value L.L.C.  *See* Motion at 6-7.  But Paragraphs 42 and 43 merely lump all the Defendants together, with no factual detail whatsoever, alleging that "Defendants" provided express and implied warranties here, which the "Defendants" allegedly breached.  *See* ECF No. 1, Ex. A at ¶¶ 42-43.  Where, as here, evidence is presented on a remand motion that contradicts assertions in the Complaint, the court may properly pierce the pleadings

and consider summary-judgment-type evidence to determine if there are undisputed facts that would negate Plaintiffs' claims. *Walker*, 443 F.App'x at 956 ("[S]ome piercing of the pleadings and factual presentation must be permitted if the court is to be informed of undisputed facts that undermine the well-pleaded claim that is otherwise colorable on its face."); *Casias*, 695 F.3d at 433 (affirming district court's decision to deny motion to remand where non-diverse defendant presented undisputed evidence that the defendant was not involved in the plaintiff's claim).

Here, the uncontroverted evidence demonstrates that True Value L.L.C. did not provide any warranty—express or implied—to Plaintiffs in connection with the "HomePointe" A/C unit they allegedly purchased in September 2022. *See* Killian Decl. at ¶ 2. Submitted as an exhibit to the Removal Notice is the Declaration of John Hammerle, Senior Vice President & General Counsel of True Value L.L.C. (the "Hammerle Declaration"). In his declaration, Mr. Hammerle makes clear that True Value L.L.C. "does not design, manufacture, test, or sell 'HomePointe'-branded air conditioning units to consumers. Instead, it merely licenses the brand name 'HomePointe' to various manufacturers." Hammerle Decl. [ECF 1-3] at ¶ 8 (emphasis added). Any warranty here thus would have been provided by the manufacturer, not True Value L.L.C.

In sum, Plaintiffs do not have colorable breach of warranty claims against True Value L.L.C. because the uncontroverted evidence shows an absence of the required contractual privity or direct buyer-seller relationship. *See Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 552 (E.D. Ky. 2001) (plaintiffs failed to state a claim for breach of express warranty where it failed to aver that pharmacy defendants, rather than drug defendants, provided the alleged warranty).

## II.   PLAINTIFFS' COMPLAINT FAILS TO ASSERT COLORABLE TORT CLAIMS AGAINST TRUE VALUE L.L.C.

Plaintiffs remaining claims—"negligent advice," failure to warn, and products liability—likewise are not cognizable against True Value L.L.C. given the uncontroverted factual record. It

is undisputed that True Value L.L.C. was not involved in any of the events underlying Plaintiffs' claims, as it does not design, manufacture, or sell HomePointe-branded air conditioners, nor does it own any entity that does. *See* Hammerle Decl. [ECF 1-3] at ¶ 7-9. Rather, it merely licenses the brand name "HomePointe" to various manufacturers. *Id.* at ¶ 8.

Indeed, the Declaration of Gary Killian in Support of Plaintiffs' Motion to Remand ("Killian Declaration") underscores True Value L.L.C.'s lack of involvement in the alleged acts and omissions alleged in the Complaint. Specifically, the Killian Declaration makes clear that a Mayfield True Value retail employee told Mr. Killian could still use the HomePointe air conditioner he had purchased from the store. *See* Killian Declaration [ECF 9-2] at ¶ 8. It also states that Plaintiffs contacted the HomePointe customer service department—which is operated by the Midea Defendants, *see* Compl. at ¶ 32—and were "advised that the Killians could continue to use the original unit until the replacement arrived." *Id.* at ¶ 12. There are simply no allegations in the Killian Declaration supporting any tort claim against True Value L.L.C.

Even the Complaint fails to allege facts indicating True Value L.L.C.'s involvement in any of the alleged acts or omissions giving rise to Plaintiffs' tort claims. Contrary to what the Motion suggests, categorical allegations against all the collective defendants are insufficient when considering a remand motion. In *Salisbury*, the Eastern District of Kentucky found that non-diverse defendants were fraudulently joined where the plaintiffs' complaint failed to include specific allegations against the non-diverse defendants. *Salisbury,* 166 F. Supp. 2d at 549 ("Absent such an allegation, of course, plaintiffs' complaint does not link plaintiffs' alleged injuries with the action (or inaction) of defendant pharmacies.").

Here, as in *Salisbury*, the Complaint and Motion lump True Value L.L.C. together with the other defendants and attribute the acts alleged to these defendants generally. *See* Mot. at 6-7. For

example, Paragraphs 39 through 43 each allege claims against "The Defendants" rather than against True Value L.L.C. specifically. Compl. at ¶¶ 39-43. Even the allegations that do identify True Value L.L.C. fail to allege actions by True Value L.L.C. itself, as opposed to the other defendants. *See* Mot. at 6. Specifically, Paragraphs 32 and 35 of the Complaint allege actions by "Mayfield True Value" (a non-jural entity incapable of being sued) and HomePointe customer support—***not*** by True Value L.L.C. *See* Compl. at ¶ 32 ("Plaintiffs contacted the HomePointe customer support center, which is actually operated by Midea acting as the authorized agent for True Value Company, True Value Company, LLC and Acon Investments, LLC."); Compl. at ¶ 35 ("Both Mayfield True Value and the HomePointe customer support center failed to warn Plaintiffs that the air conditioner was defective and unreasonably dangerous.").

Worse still, the Complaint contradictorily states in one paragraph that "HomePointe air conditioners are designed, manufactured, tested and distributed by Defendants Midea America Corp., GD Media Air Conditioning Equipment Co., LTD, and Midea Group Co., LTD." Compl. at ¶ 11. Yet in another paragraph, the Complaint alleges that "True Value Company, True Value Company, LLC, and Acon Investments, LLC distributed and marketed HomePointe air conditioners manufactured by Midea, including the HomePointe air conditioner purchased by Plaintiffs." Compl. at ¶ 25. Such contradictory allegations do not "give rise to a reasonable inference" that True Value L.L.C. caused Plaintiffs' harm. *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F.Supp.3d 764, 774-75 (E.D. Ky. 2017) (dismissing claims where plaintiffs failed to plead which manufacturer produced the defective product, how the fire started, what the defect was, or how the defect sparked the fire).

Lastly, Plaintiffs suggest that a colorable claim for products liability exists against True Value L.L.C. under a strict liability theory. *See* Motion at 8. But Plaintiffs have not plead

allegations sufficient to establish strict liability. Under Kentucky law, a plaintiff alleging a manufacturing defect must show that the product was in a defective condition because it was not manufactured or assembled in accordance with its specifications and that defective condition caused the alleged injuries. *Sims v. Atrium Med. Corp.*, 349 F. Supp. 3d 628, 640 (W.D. Ky. 2018) (dismissing manufacturing defect claim under a theory of strict liability where plaintiff did not allege any specific manufacturing defect or failure that occurred with the product and did not allege how the manufacturer deviated from product's specifications). A careful reading of the Complaint reveals it to be devoid of any such allegations necessary to support a finding of strict liability against True Value L.L.C. (or any other defendant).

In sum, Plaintiffs have no colorable tort claims—or warranty claims—against True Value L.L.C.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs do not have colorable claims against True Value L.L.C., which has been fraudulently joined. The Court should therefore disregard True Value L.L.C.'s citizenship for purposes of diversity jurisdiction and deny Plaintiffs' Motion to Remand.

Dated: December 11, 2023

Respectfully submitted,

*/s/ Thomas R. Yocum*
Thomas R. Yocum (#79431)
Julie A. Neuroth (#88509)
Yocum & Neuroth, L.L.C.
1 Levee Way, Suite 3109
Newport, Kentucky 41071
tom@ynlawusa.com
julie@ynlawusa.com
**Attorneys for Defendant,**
**ACON Investments, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion has been filed electronically and served upon counsel for all parties via the court's electronic online filing system or regular mail this 11th day of December, 2023.

Douglas H. Morris
Lea A. Player
Robyn Bell Stanton
**Morris & Player PLLC**
1211 Herr Lane, Ste 205
Louisville, Kentucky 40222
dhm@morrisplayer.com
lap@morrisplayer.com
rbs@morrisplayer.com
*Counsel for Plaintiffs*

Barry M. Miller
J. Austin Anderson
**Freeman Mathis & Gary, LLP**
2525 Harrodsburg Road, Suite 500
Lexington, Kentucky 40504
bmiller@fmglaw.com
aanderson@fmglaw.com
*Counsel for Defendant,*
*Midea America Corp and*
*True Value Company, LLC*

Jonathan P. Saxton
Jessica L. Worth
**Rendings, Fry, Kiely & Dennis, LLP**
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
JSaxton@rendigs.com
JWorth@rendings.com
*Attorneys For Defendant,*
*Shelbyville Lumber Company, Inc.and*
*Mayfield True Value*

Midea Group Co., Ltd.
Block B, Midea Headquarters Building
No. 6 Midea Avenue
Beijiao Town, Shunde District
Foshan City, Guangdong Province, 528311
CHINA

GD Midea Air Conditioning Equipment Co., Ltd.
Block B, Midea Headquarters Building
No. 6 Midea Avenue
Beijiao Town, Shunde District
Foshan City, Guangdong Province, 528311
CHINA

*/s/ Thomas R. Yocum*
Thomas R. Yocum (#79431)