# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| LESLIE AND GARY KILLIAN, ) | |
| ) | |
| PLAINTIFFS, ) | CIVIL ACTION NO. 5:23-cv-141-BJB |
| ) | *Electronically filed* |
| v. ) | |
| ) | |
| MIDEA GROUP CO. LTD, ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND

\* \* \* \* \* \* \* \* \*

Come the Plaintiffs, by counsel, and for their Reply in Support of their Motion to Remand, state as follows:

### I.  True Value, LLC's citizenship cannot be verified.

Defendant's Response concedes that Defendants are unable to prove that True Value, LLC has a different citizenship than Plaintiffs:

> Because of the complex chain of ownership by hundreds of investment vehicles, the ultimate citizenship of True Value L.L.C cannot be verified.

See page 2, Defendant's Memorandum In Opposition to Plaintiff's Motion to Remand. Thus, the case cannot be removed based on diversity of citizenship.

## II. True Value, LLC is subject to liability to Plaintiffs based on multiple tort theories.

Plaintiffs have alleged numerous claims against True Value, LLC: negligent advice, negligent failure to warn, products/strict liability, and breach of numerous warranties. Defendants respond arguing that True Value, LLC cannot be held liable because True Value, LLC did not "directly" take any action. This is incorrect because True Value, LLC is subject to liability to Plaintiffs either directly, or through its agents, for negligently instructing Plaintiffs to continue to operate the air conditioner in its defective condition.

In Kentucky, a principal can be held liable for the acts of an ostensible or apparent agent. Paintsville Hospital Co. v Rose, 683 S.W. 2d 255 (Ky. 1985), Roethke v Sanger, 68 SW 3d 352 (Ky. 2001). Relying on Middleton v Frances, 77 S.W. 2d 425 (Ky 1934), the Court in Rose adopted the following definition of an ostensible agent:

> An apparent or ostensible agent is one whom the principal, either intentionally or by want of ordinary care, induces third persons to believe to be his agent, although he has not, either expressly or by implication, conferred authority upon him.

Rose at 257.

Plaintiffs' Complaint stated that they "contacted the HomePointe customer service center, which is actually operated by Midea acting as the authorized agent for True Value Company, True Value Company, LLC and Acon Investments, LLC"[1] to report the problems they encountered with the air conditioner. Plaintiffs further allege that they were negligently advised by the customer center to continue to use the air conditioner. True Value, LLC admits it owns the HomePointe brand, however, both True Value, LLC and Midea deny Midea was operating the service center as

---

[1] Plaintiffs' Complaint Paragraph 32.

the agent for True Value, LLC. Thus, a factual issue exists, creating at the very least a colorable claim against True Value, LLC based on agency.

Defendants also argued that Plaintiffs' claims are contradictory because Plaintiffs "lumped" the Defendants together. Defendants cited Red Hed Oil, Inc. v. H.T. Hackney Co., 292 F.Supp.3d 764 (E.D. Ky. 2017), in which the plaintiffs sued numerous unrelated manufacturers and distributors because they did not know which product started a fire. The Killians case is easily distinguishable from Red Hed Oil, Inc., because the Killians identified the Homepointe air conditioner as the defective product and sued all companies involved with the manufacturing, distribution, marketing, sale, and customer service provided for this specific product. Plaintiffs made direct claims against True Value, LLC and where appropriate, Plaintiffs grouped the Defendants' actions together in their Complaint. There is no case law or civil rule to prohibit Plaintiffs from grouping the allegations against the involved Defendants as opposed to separate sentences.

Defendants' argument that Plaintiffs' Complaint is devoid of any claims of strict liability is also incorrect. Restatement (Second) of Torts Section 402A describes strict liability as "in a defective condition unreasonably dangerous to the user or consumer or to his property." Worldwide Equip., Inc. v. Mullins, 11 S.W.3d 50, 55 (Ky.App. 1999). Plaintiffs' Complaint stated in five different paragraphs that the A/C unit was defective and unreasonably dangerous, which is essentially the definition of strict liability.[2] Plaintiffs also specifically pled that Defendants knew or should have known that the product was in a defective condition and unreasonably dangerous.[3]

---

[2] Plaintiffs' Complaint Paragraphs 38, 39, 40, 41, 43.

[3] Plaintiffs' Complaint Paragraph 39.

Kentucky adopted the doctrine of strict liability in Dealers Transport v Battery Distributing Co., 402 S.W. 2d 441 (Ky 1966), Nichols v Union Underwear Co., Inc., 602 S.W. 2d 429 (Ky. 1980). Kentucky law is clear that suppliers of products can be held liable for defective and dangerous products. Therefore, True Value, LLC can be held fully liable to Plaintiffs for product liability, strict liability, defective design, and negligent manufacture.

Defendants' arguments based on Sims v. Atrium Med. Corp., 349 F. Supp. 3d 628, 636 (W.D. Ky. 2018) are misplaced for two reasons: 1) the Sims court was analyzing a motion to dismiss, not a motion to remand; and 2) the Sims case was filed in federal court and the federal court analyzed the claims based on the federal court pleading standard. Plaintiffs' Complaint was filed in state court. Kentucky's state court pleading rules are notably more lenient than the federal stringent standards. Russell v. Johnson & Johnson, Inc., 610 S.W.3d 233, 240 (Ky. 2020). Specifically, "Kentucky is a notice pleading jurisdiction, where the 'central purpose of pleadings remains notice of claims and defenses.'" Id. Russell further states:

> Importantly, "[w]e no longer approach pleadings searching for a flaw, a technicality upon which to strike down a claim or defense, as was formerly the case at common law." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989). When reviewing a complaint to determine whether it states a cause of action, it "should be liberally construed." *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983). Our liberal pleading standard was recently demonstrated when we held that a complaint "couched in general and conclusory terms, complied with CR 8.01(1)." *KentuckyOne Health, Inc. v. Reid*, 522 S.W.3d 193, 197 (Ky. 2017).

Russell, 610 S.W.3d at 241.

For the purposes of a Motion to Remand, the only analysis required is whether True Value, LLC could be liable for the claims alleged in state court. The standards for a Motion for Summary Judgment, a Motion to Dismiss and/or federal court pleadings are inapplicable. The Court only needs to determine whether Plaintiffs' Complaint states "colorable" claims against True Value,

4

LLC; i.e. claims the state law might impose liability on. In sum, Defendants cannot meet their high burden of showing Plaintiffs have no colorable claim against True Value, LLC.

### III. Plaintiffs provided facts to support privity for their warranty claims.

The Taylor v. Southwire Tools & Equip., case cited by Defendants specifically defines when an express warranty is created:

> Sellers create express warranties when they make "an affirmation of fact or promise ... to the buyer" that (1) relates to the goods and (2) becomes part of the basis of the bargain between the buyer and seller. KRS 355.2–313(1)(a). A seller's description of the goods that becomes "part of the basis of the bargain" creates an express warranty that the goods conform to the description. Id. at 355.2–313(1)(b). For example, an express warranty is created if (a) a Christmas tree seller promises a buyer that the tree would not fall over if pushed, and (b) the buyer relies on that promise in purchasing it (because he had two small children). Kentucky requires privity of contract or a direct buyer-seller relationship for breach of warranty claims, with limited exceptions enumerated in the Kentucky Uniform Commercial Code.

Taylor, 130 F. Supp. 3d 1017, 1021 (E.D. Ky. 2015).

Defendants overlook the fact that the purchase of the A/C unit involved not only the Mayfield True Value store but also the customer service department, who Plaintiffs have alleged are authorized agents of True Value, LLC.[4] As stated in Plaintiffs' Motion to Remand, when Gary Killian reported the A/C unit light flickering, he was directed to speak with the customer service department. The customer service representative, offered Gary a replacement A/C unit that would be shipped to the True Value store in Mayfield and advised that the Killians could continue to use the original unit until the replacement arrived.[5] This is an express warranty as to the

---

[4] Paragraph 32 of Plaintiffs' Complaint alleges the customer support center was an authorized agent of True Value LLC.

[5] See Exhibit A to Plaintiffs' Motion to Remand.

merchantability, quality, and safety of the A/C made for the purpose of having the Killians continue with this purchase rather than return the product. Plaintiffs relied on these assurances instead of returning A/C and purchasing a different product. Accordingly, assuming that Plaintiffs' allegations in the Complaint are true, True Value, LLC's agents made express representations for the Killians to continue with their purchase instead of returning the product.

Plaintiffs also alleged that Defendant True Value, LLC distributed and marketed HomePointe Air Conditioners. The purchase documentation and warranties that were with the A/C were destroyed in the fire, which will be subject to discovery. Plaintiffs have stated colorable claims and the fact that Plaintiffs have not yet had an opportunity to discover all express warranties made is not a basis to deny the Motion to Remand.

**CONCLUSION**

Defendants cannot meet their heavy burden of proof that Plaintiffs have no colorable claims against True Value, LLC. Plaintiffs request that this matter be remanded to the Graves Circuit Court pursuant to 28 U.S.C. 1447(c).

Respectfully Submitted,

*/s/ Douglas H. Morris*
Douglas H. Morris (KY Bar No. 50175)
Lea A. Player (KY Bar No. 84446)
Robyn Bell Stanton (KY Bar No. 91509)
MORRIS & PLAYER PLLC
1211 Herr Ln., Suite 205
Louisville, KY 40222
Telephone 502-426-3430
Facsimile 502-426-3633
dhm@morrisplayer.com
lap@morrisplayer.com
rbs@morrisplayer.com
mppleadings@morrisplayer.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certified that on December 19, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system. The Motion has been served on counsel for all parties using the court's electronic online filing system or regular mail on December 5, 2023.

/s/ Douglas Morris

Thomas R. Yocum (KY Bar No. 79431)
Julie A. Neuroth (KY Bar No. 88509)
YOCUM & NEUROTH, LLC
1 Levee Way, Suite 3109
Newport, KY  41071
Telephone 859-291-5500
tom@ynlawusa.com
julie@ynlawusa.com
*Counsel for ACON Investments, LLC*

Jonathan P. Saxton (KY Bar No. 86161)
Jessica L. Worth (KY Bar No. 0090428)
RENDIGS, FRY, KIELY & DENNIS, LLP
600 Vine Street, Suite 2650
Cincinnati, OH  45202
Telephone 513-381-9200
Facsimile 513-381-9206
jsaxton@rendigs.com
jworth@rendigs.com
*Counsel for Shelbyville Lumber Company, Inc.
and Mayfield True Value*

Barry M. Miller
J. Austin Anderson
FREEMAN MATHIS & GARY LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY  40504-3215
Telephone859-410-7868
bmiller@fmglaw.com
aanderson@fmglaw.com
*Counsel for Midea America Corp. & True Value Company, LLC*

Midea Group Co., LTD.
Block B, Midea Headquarters Building
No. 6 Midea Avenue
Beijiao Town, Shunde District
Foshan City, Guangdong Province, 528311
CHINA

GD Midea Air Conditioning Equipment Co., LTD
Block B, Midea Headquarters Building
No. 6 Midea Avenue
Beijiao Town, Shunde District
Foshan City, Guangdong Province, 528311
CHINA